**Virginia M. EDGAR, Plaintiff,**

v.

**FRED JONES LINCOLN–MERCURY OF OKLAHOMA CITY, INC., Defendant.**

**No. Civ.–74–439–C.**

United States District Court.
W. D. Oklahoma.

Oct. 29, 1974.

---

Gene A. Castleberry, Castleberry & Lisle, Oklahoma City, Okl., for plaintiff.

John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

CHANDLER, District Judge.

This diversity action came on for duly noticed jury trial on October 23, 1974. The amount prayed for exceeds $10,000, exclusive of interest and costs. Plaintiff seeks to recover actual and punitive damages under the laws of Oklahoma for fraud in the sale of a second-hand automobile alleging that the odometer had been rolled back by defendant to conceal the number of actual miles the car had traveled.

Defendant has admitted that the odometer was rolled back from 58,700 miles to 30,137 miles; the parties agree that the net worth of defendant is $1,437,000 and that the market value of the used car would have been $250 less had the odometer shown the true mileage, thus fixing the amount of actual damages at $250.

The only remaining jury question is the amount of punitive damages, if any.

Out of the presence of the jury the Court called to the attention of counsel the new Federal Statutes which became effective in January 1973 after the cause of action here had arisen, which provide:

15 U.S.C.A. § 1981. "Congressional findings and declaration of purpose

The Congress hereby finds that purchasers when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers."

15 U.S.C. § 1989. "Civil actions to enforce liability for violations of odometer requirements; amount of damages; jurisdiction; period of limitation

(a) Any person who, with intent to defraud, violates any requirement

imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises."

15 U.S.C. § 1991. "State odometer requirements

This subchapter does not—

(1) annul, alter, or affect the laws of any State with respect to the disconnecting, altering, or tampering with odometers with the intent to defraud, or

(2) exempt any person subject to the provisions of this subchapter from complying with such laws, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."

See also legislative history, United States Code Congressional & Administrative News, 1972, Volume 3, page 3960 et seq.

The Court then advised counsel that he considered the penalties fixed by the Congress of the United States for the purpose of putting an end to the prevalent fraudulent practice involved here to be a reasonable yardstick by which to measure the amount of punitive damages that could be approved by the Court in the event the jury should by reason of natural prejudice against such a fraudulent practice return an excessive verdict for punitive damages which would have the effect of limiting the maximum recovery in this case to $2500; that he had arrived at this amount by fixing the maximum amount of actual damages at $250 with legal interest from the date of purchase which is recoverable under state law and punitive damages at the difference between three times said sum and $1500, plus an attorneys fee of $1000, which is not recoverable under state law, which both parties agree is not unreasonable under the special circumstances here where a great deal of time had been spent in arriving at this point in the judicial process, which would be the maximum allowable under the Federal Statutes, if applicable.

Thereupon the Court over the objections of the parties dismissed the jury and entered judgment in favor of the plaintiff for $2500.

Having concluded that in no event could the Court conscientiously approve a verdict in excess of $2500, as enjoined by Rule 1 F.R.Civ.P., the Court deemed it in the interest of justice to conclude this action in the foregoing manner to secure the speedy and inexpensive final determination of the action, thus affording the parties an inexpensive record to obtain a definitive ruling from the Court of Appeals as to the perimeter of punitive damages in actions where they are legally allowable.